IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRAYTONIA BADGER                                                                                            PLAINTIFF

v.                            Civil No. 1:18-cv-1031

MIKE LOE, Sheriff, Columbia County, AR;
KELLY BLAIR, Investigator; RYAN
PHILLIPS, Assistant District Attorney
Columbia County, AR; DOUG WOOD, Chief
Deputy Sheriff, Columbia County, AR; and
GREG HAWLEY, Columbia County Jail
Administrator                                                  DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to comply with a Court order. Plaintiff Craytonia Badger filed this 42 U.S.C. § 1983 action *pro se* on June 6, 2018. (ECF No. 1). Plaintiff also submitted an *in forma pauperis* ("IFP") application with his complaint but failed to have the certification regarding inmate funds held in his name completed.[1] In addition, Plaintiff did not submit his complaint on the court-approved form for this District. That same day, the Court ordered Plaintiff to submit a completed IFP application or pay the $400 filing fee and file an amended complaint by June 27, 2018. (ECF No. 3). The order stated that this case would be subject to dismissal if Plaintiff failed to comply with the Court's order. To date, the order has not been returned as undeliverable and Plaintiff has not filed a completed IFP application, paid the $400 filing fee, or filed an amended complaint.

---

[1] Instead, Plaintiff attached six months of his prison account activity for the Court's consideration. (ECF No. 2).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case because the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to obey an order of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of July, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge